[807 NYS2d 137]

In the Matter of GERALD GOLL (Admitted as GERALD MICHAEL GOLL), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 10, 2006

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

*Christopher G. McDonough,* Melville, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with an amended petition, dated July 28, 2004, containing 10 charges of professional misconduct. After a preliminary conference and a hearing, the Special Referee sustained all 10 charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent's counsel submitted an affirmation in support of the Grievance Committee's motion and suggests that a fair and appropriate sanction is either a private or public censure.

Charge One alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

The respondent represented Matthew Barcia in a divorce action in the Supreme Court, Nassau County. That action was settled on or about June 20, 2000. On that date, the court

directed the respondent to submit a proposed judgment of divorce with notice of settlement and all necessary supporting documentation, in compliance with 22 NYCRR 202.48. As of April 2003 the respondent failed to do so.

Charge Two alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to adhere to the directives of the court, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By order dated April 29, 2003, the Supreme Court, Nassau County directed the respondent and the parties in the Barcia matrimonial action to appear on May 29, 2003. The order further directed that the respondent produce a proposed judgment of divorce and all necessary supporting documentation. The respondent appeared on May 29, 2003, but failed to produce a judgment of divorce.

Charge Three alleges that the respondent disregarded a standing direction of a tribunal, in violation of Code of Professional Responsibility DR 7-106 (a) (22 NYCRR 1200.37 [a]), based on the allegations set forth in Charge Two.

Charge Four alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to adhere to the directives of the court, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

On May 29, 2003, the respondent appeared in the Barcia matter and requested an adjournment to afford additional time to prepare the necessary papers. The matter was adjourned to June 30, 2003. At the respondent's request, it was further adjourned to July 8, 2003. The respondent neither appeared on that date nor produced the proposed judgment of divorce and all necessary supporting documentation.

Charge Five alleges that the respondent disregarded a standing direction of a tribunal, in violation of Code of Professional Responsibility DR 7-106 (a) (22 NYCRR 1200.37 [a]), based on the allegations set forth in Charge Four.

Charge Six alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to adhere to the directives of the court, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By order dated July 11, 2003, the Supreme Court, Nassau County, directed the respondent to appear on July 29, 2003, and

to produce the Barcia file, a proposed judgment of divorce, and all necessary supporting documentation. The respondent failed to appear or produce the requested materials.

Charge Seven alleges that the respondent disregarded a standing direction of a tribunal, in violation of Code of Professional Responsibility DR 7-106 (a) (22 NYCRR 1200.37 [a]), based on the allegations set forth in Charge Six.

Charge Eight alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law by failing to cooperate with the lawful demands of the Grievance Committee for the Tenth Judicial District, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

By letter dated August 12, 2003, the Grievance Committee for the Tenth Judicial District sent the respondent a letter advising that a sua sponte complaint had been authorized against him and directing him to submit a detailed answer within 15 days. The respondent failed to comply.

Charge Nine alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law by failing to cooperate with the lawful demands of the Grievance Committee for the Tenth Judicial District, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On October 6, 2003, the Grievance Committee for the Tenth Judicial District hand-delivered a letter to the respondent at his home, enclosing a copy of the August 12, 2003, letter and requesting his written response within 10 days. The respondent failed to comply.

Charge Ten alleges that the respondent failed to comply with judicial subpoena so ordered by the Court, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

On November 7, 2003, the Grievance Committee for the Tenth Judicial District served the respondent in his home with a judicial subpoena and judicial subpoena duces tecum, requiring his appearance on November 13, 2003. The respondent neither appeared on November 13, 2003, nor produced the requested documents.

By stipulation dated November 23, 2004, the parties agreed that the facts underlying the 10 charges were not in dispute.

Based on the respondent's admissions and the uncontroverted evidence, the Special Referee properly sustained all 10 charges.

Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he voluntarily left the practice of law prior to this proceeding because he recognized that he was not functioning well enough to be of benefit to his clients. He emphasizes that he never intentionally harmed any client, that his conduct only impacted one client matter, and that he attempted to complete the Barcia matter and cooperate with the Court and the Grievance Committee but was caught in a downward slide. The respondent asks the Court to consider his expressed remorse, the cumulative stresses of his personal life, and the improvement he has shown.

Under the totality of circumstances, the respondent is suspended from the practice of law for two years, with credit accorded for time served under the period of his interim suspension. It is further directed that any application for reinstatement be accompanied by a report of a mental health professional with respect to the respondent's emotional state.

PRUDENTI, P.J., FLORIO, H. MILLER, ADAMS and MASTRO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Gerald Goll, admitted as Gerald Michael Goll, is suspended from the practice of law for a period of two years, commencing immediately, with credit for time served under the interim suspension imposed by opinion and order of this Court dated March 4, 2004, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Gerald Goll, admitted as Gerald Michael Goll, shall continue to desist and refrain from (1) practicing law in any

form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Gerald Goll, admitted as Gerald Michael Goll, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).